# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| STEVEN JUNIOR MABLE | : | |
|---|---|---|
| Petitioner | : | CIVIL ACTION NO. 3:17-2392 |
| v. | : | (JUDGE MANNION) |
| ROBERT GILMORE | : | |
| Respondent | : | |

## MEMORANDUM

## I. INTRODUCTION

Presently before the court is the report and recommendation ("Report") of Magistrate Judge Karoline Mehalchick (Doc. 13), and two motions filed by the petitioner Steven Junior Mable ("Mable")—a motion to expedite (Doc. 16) and a motion for a restraining order and permanent injunction (Doc. 17). In her Report, Judge Mehalchick recommends that Mable's petition for writ of habeas corpus (Doc. 1) be dismissed without prejudice and that Mable's request for appointment of counsel be denied as moot. Mable filed objections to Judge Mehalchick's Report on June 29, 2018. (Doc. 14). Based on the court's review of the record in this matter, Judge Mehalchick's Report (Doc. 13) will be **ADOPTED IN ITS ENTIRETY**. Mable's objections (Doc. 14) will be **OVERRULED**. Mable's petition for writ of habeas corpus (Doc. 1) will be **DISMISSED**. Mable's request for the appointment of counsel (Doc. 11),

motion to expedite (Doc. 16) and motion for a restraining order and permanent injunction (Doc. 17) will be **DISMISSED AS MOOT**.

## II. LEGAL STANDARD

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. L.R. 72.31.

### III. DISCUSSION

On June 10, 2015, Mable filed a petition for writ of habeas corpus under 28 U.S.C. §2241 with this court. *Mable v. Tritt*, No. 15-1138, 2016 WL 6433073 at *1 (M.D.Pa. Oct. 31, 2016). At the time, Mable was serving a life sentence at the State Correction Institute at Frackville. *Id.* After the court notified Mable that his petition could only be considered under 28 U.S.C. §2254, the court received a letter from Mable, which it construed as a valid election to continue with his petition under 28 U.S.C. §2254. *Id.* Upon consideration of Mable's petition, this court dismissed the petition with prejudice noting that Mable's claim was "patently frivolous on its face. . . ." *Id.* at *2.

Once again, Mable has improperly filed a petition for writ of habeas corpus under 28 U.S.C. §2241 with this court. (Doc. 1). On September 15, 2015, Judge Mehalchick issued an order directing Mable to complete an attached form, which would inform the court whether he wanted to withdraw his petition or continue under 28 U.S.C. §2254. (Doc. 13). On October 15, 2015, the completed form indicating that Mable wished to proceed under 28 U.S.C. §2254 was docketed. (Doc. 20).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which "significantly altered the substantive showing an applicant had to make in order to proceed on new claims in a second (habeas corpus) petition." *Goldblum v. Klem*, 510 F.3d 204, 216 (3d Cir. 2007). A provision of the AEDPA, 28 U.S.C. §2244 "establishes the procedural and substantive requirements which govern 'second or successive' habeas petitions. *Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005) (citations omitted). When a "second or successive" section 2254 habeas petition contains a claim that was presented in a prior habeas petition, the claim must be dismissed. 28 U.S.C. §2244(b)(1). When a "second or successive" habeas petition attempts to raise new claims not presented in the first petition, section 2244(b)(3) requires the prisoner to first seek an order from the court of appeals authorizing the filing of such claims. 28 U.S.C. §2244(b)(3)(a); *see also Felker v. Turpin*, 518 U.S. 651, 657 (1996) (explaining that section 2244(b)(3) creates a "gatekeeping" mechanism in the court of appeals for consideration of second or successive petitions in a district court and that the grant or denial of authorization by an appellate court is not appealable). The court of appeals may authorize a "second or successive" petition under only very limited circumstances. *See* 28 U.S.C. §2244(b)(2).

Here, Mable filed a "second or successive" habeas petition that raises new claims without first obtaining an authorizing order from the appropriate court of appeals. Thus, Mable's petition (Doc. 1) must be dismissed. After reviewing Mable's petition, Judge Mehalchick's Report, and Mable's objections, the court finds that Judge Mehalchick used proper reasoning and evidence to support her Report and arrived at a legally-sound conclusion. As such, Judge Mehalchick's Report (Doc.13) is adopted as the opinion of this court.

## IV. CONCLUSION

Based on the foregoing, Judge Mehalchick's Report (Doc. 13) shall be **ADOPTED IN ITS ENTIRETY**. Mable's objections (Doc. 14) shall be **OVERRULED**. Mable's petition for writ of habeas corpus (Doc. 1) shall be **DISMISSED**. Mable's request for the appointment of counsel (Doc. 11), motion to expedite (Doc. 16), and motion for a restraining order and permanent injunction (Doc. 17) shall be **DISMISSED AS MOOT**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 22, 2019**
O:\MANNION\SHARED\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2392-01.DOCX